**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| NORTHBROOK BANK & TRUST COMPANY, N.A. | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. |
| | ) |
| CA RESIDENTIAL, LLC, a Delaware limited liability company; CA VENTURES HOLDINGS, LLC, a Delaware limited liability company, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**<u>VERIFIED COMPLAINT FOR BREACH OF GUARANTIES</u>**

Plaintiff Northbrook Bank & Trust Company, N.A., by its undersigned counsel, and for its Verified Complaint for Breach of Guaranties, states and alleges as follows:

**<u>PARTIES</u>**

1.      Northbrook Bank & Trust Company, N.A., ("Northbrook Bank") is a federally charted national banking association with its main office, as designated in its articles of association, located in Northbrook, Illinois.

2.      Defendant CA Residential, LLC ("CA Residential") is a Delaware limited liability company, with its office, upon information and belief, in New York City, New York.

3.       Upon information and belief, the members of CA Residential are not citizens of Illinois.

4.       Defendant CA Ventures Holdings, LLC ("CA Ventures") is a Delaware limited liability company, with its office, upon information and belief, New York City, New York.

5.      Upon information and belief, the members of CA Ventures are not citizens of Illinois.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction under 28 U.S.C. §1332(a) because, as a national banking association, Northbrook Bank is a citizen of Illinois, 28 U.S.C. §1348, each of the Defendants is, upon information and belief, a citizen of Delaware, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.     Venue is proper in this District under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District.

## FACTUAL BACKGROUND

### The 750 W. North Loan

8.     On September 17, 2018, CA Residential 750 North Owner, LLC ("750 W. North Borrower") executed and delivered a Loan Agreement (the "750 W. North Loan Agreement") to Northbrook Bank.  A true and correct copy of the 750 W. North Loan Agreement is attached as **Exhibit A**.

9.     Contemporaneously with the execution and delivery of the 750 W. North Loan Agreement and in accordance thereof, 750 W. North Borrower executed and delivered a promissory note in the principal sum of $2,925,000.00 (the "750 W. North Note") in favor of Northbrook Bank. A true and correct copy of the 750 W. North Note is attached as **Exhibit B**.

10.     The 750 W. North Note was amended, restated and extended on several occasions by the Note Modification Agreement dated September 17, 2019, Second Note Modification Agreement dated March 17, 2020, Third Note Modification Agreement dated September 17, 2020, Fourth Note Modification Agreement dated September 17, 2021, Fifth Note Modification Agreement dated March 17, 2022, Sixth Note Modification Agreement dated September 17, 2022 and the Seventh Note Modification Agreement dated January 17, 2023 (collectively, the

"750 W. North Note Modifications"). True and correct copies of the 750 W. North Note Modifications are **Exhibit C**.

11. Contemporaneously with the execution of the 750 W. North Loan Agreement and 750 W. North Note, Defendant CA Residential executed and delivered a Guaranty of Payment dated October 31, 2018 (the "750 W. North Guaranty") in which CA Residential unconditionally guaranteed payment of the 750 W. North Note to Northbrook Bank when due on the terms and conditions set forth in the 750 W. North Guaranty. A copy of the 750 W. North Guaranty is attached as **Exhibit D.**

12. On January 17, 2023, pursuant to the terms of the Seventh Note Modification Agreement dated January 17, 2023, CA Residential and CA Ventures executed an Amended and Restated Guaranty (the "750 W. North Restated Guaranty"), wherein CA Residential and CA Ventures, jointly and severally, unconditionally guaranteed payment of the 750 W. North Note, as amended, restated and modified by the 750 W. North Note Modifications, to Northbrook Bank when due on the terms and conditions set forth in the 750 W. North Restated Guaranty. A true and correct copy of the 750 W. North Restated Guaranty is attached as **Exhibit E**.

13. The 750 W. North Note, 750 W. North Note Modifications, 750 W. North Guaranty and 750 W. North Restated Guaranty are collectively referred to as the "750 W. North Loan Documents."

<u>**The 2247 Lawrence Loan**</u>

14. On October 31, 2018, 2247 Lawrence, LLC ("2247 Lawrence Borrower") executed and delivered a Loan Agreement (the "2247 Lawrence Loan Agreement") to Northbrook Bank. A true and correct copy of the 2247 Lawrence Loan Agreement is attached as **Exhibit F**.

15.     Contemporaneously with the execution and delivery of the 2247 Lawrence Loan Agreement and in accordance thereof, 2247 Lawrence Borrower executed and delivered a promissory note in the principal sum of $5,978,000.00 (the "2247 Lawrence Note") in favor of Northbrook Bank. A true and correct copy of the 2247 Lawrence Note is attached as **Exhibit G**.

16.     The 2247 Lawrence Note was amended, restated and extended on several occasions by the Loan Modification Agreement dated October 31, 2019, Second Loan Modification Agreement dated October 31, 2020, Third Loan Modification Agreement dated January 31, 2021, and Fourth Loan Modification Agreement dated August 16, 2022, (collectively, the "2247 Lawrence Loan Modifications").  True and correct copies of the 2247 Lawrence Loan Modifications are attached as **Exhibit H**.

17.      Contemporaneously with the execution of the 2247 Lawrence Loan Agreement and 2247 Lawrence Note, Defendant CA Residential executed and delivered a Guaranty of Payment dated October 31, 2018 (the "2247 Lawrence Guaranty") in which CA Residential unconditionally guaranteed payment of the 2247 Lawrence Note to Northbrook Bank when due on the terms and conditions set forth in the 2247 Lawrence Guaranty.  A copy of the 2247 Lawrence Guaranty is attached as **Exhibit I.**

18.     Pursuant to the Third Loan Modification Agreement, among other things, the principal amount of the 2247 Lawrence Note was increased to $6,120,000.00. (See Exhibit H).

19.     On January 31, 2021, pursuant to the terms of the Third Loan Modification Agreement dated January 31, 2021, CA Residential executed an Amended and Restated Guaranty (the "2247 Lawrence Restated Guaranty"), wherein CA Residential unconditionally guaranteed payment of the 2247 Lawrence Note, as amended, restated and modified by the 2247 Lawrence Note Modifications, to Northbrook Bank when due in the limited amount of

4

"$1,530,000.00 plus all interest applicable to the subject loan, plus any reasonable costs incurred by the Lender (relative to the Loan (including those made costs incurred in attempting to collect the subject debt))" as set forth in the terms and conditions in the 2247 Lawrence Restated Guaranty. A true and correct copy of the 2247 Lawrence Restated Guaranty is attached as **Exhibit J**.

20.     Northbrook Bank has made demand upon 2247 Lawrence Borrower and CA Residential for payment of the aforesaid sums due to Northbrook Bank under the 2247 Lawrence Note and under the 2247 Lawrence Restated Guaranty, but CA Residential has failed and refused to pay said sums due to Northbrook Bank.  A true and correct copy of the demand letter is attached hereto as **Exhibit K**.

21.     The 2247 Lawrence Note, 2247 Lawrence Loan Modifications, 2247 Lawrence Guaranty and 2247 Lawrence Restated Guaranty are collectively referred to as the "2247 Lawrence Loan Documents."

## COUNT I
### (Suit on the 750 W. North Restated Guaranty)

22.     Northbrook Bank repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 13.

23.     In the 750 W. North Restated Guaranty, CA Residential and CA Ventures unconditionally guaranteed prompt payment of the obligations under the 750 W. North Note as amended, restated and modified by the 750 W. North Note Modifications.

24.     750 W. North Borrower is in default under the 750 W. North Loan Agreement and the 750 W. North Note as modified, restated and extended by the 750 W. North Note Modification Agreements by (i) failing to pay the unpaid balance as of the maturity date (See Exhibit B, Section 5(a) of the 750 W. North Note and Exhibit A, Section 8(a) of the 750 W.

5

North Loan Agreement); (ii) failure to pay real estate taxes when due on 750 W. North Avenue, Chicago, Illinois (See Exhibit B, Section 5(a) of the 750 W. North Note and Exhibit A, Section 8(a) of the 750 W. North Loan Agreement; (iii) a depletion of the loan reserves (See Exhibit A, Section 5.3 of the 750 W. North Loan Agreement) and (iv) a material adverse change in 750 W. North Borrower's, CA Residential's and CA Ventures' financial condition (See Exhibit A, Section 8(1) of the 750 W. North Loan Agreement and Exhibit B, Section 5(b) of the 750 W. North Note).

25.     Because 750 W. North Borrower is in default under the 750 W. North Note as modified, restated and extended by the 750 W. North Note Modifications, CA Residential and CA Ventures are in default under the 750 W. North Restated Guaranty (See Exhibit E, Sections 3.4 and 5.1).

26.     Northbrook Bank has performed all of its duties, obligations and conditions precedent required under the 750 W. North Loan Documents, which have never been assigned, transferred or hypothecated to, or otherwise lawfully seized by, any person or entity.

27.     CA Residential and CA Ventures are also obligated pursuant to the express terms of the 750 W. North Restated Guaranty to pay reasonable attorneys' fees, costs and expenses incurred by Northbrook Bank in enforcing the 750 W. North Loan Documents and the 750 W. North Restated Guaranty and collecting amounts due thereunder. (See, Exhibit E, Section 3.5).

28.     As of April 22, 2024, the outstanding balance due to Northbrook Bank pursuant to the 750 W. North Restated Guaranty (exclusive of attorneys' fees, costs and expenses) is $2,342,400.45 with default interest continuing to accrue on a daily basis.

WHEREFORE, Plaintiff Northbrook Bank & Trust Company, N.A. respectfully requests that this Court enter judgment in its favor and against Defendant CA Residential, LLC and CA

Ventures Holdings, LLC, jointly and severally, in the amount of $2,342,400.45 plus additional interest and costs incurred by Northbrook Bank to the date of judgment, plus its reasonable attorneys' fees and costs and for such further relief that this Court deems just and proper.

## COUNT II
**(Suit on the 2247 Lawrence Restated Guaranty)**

29.     Northbrook Bank repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 7 and Paragraphs 14 through 21.

30.     In the 2247 Lawrence Restated Guaranty, CA Residential unconditionally guaranteed prompt payment of the obligations under the 2247 Lawrence Note as  amended, restated and modified by the 2247 Lawrence Loan Modifications.

31.     2247 Lawrence Borrower is in default under the 2247 Lawrence Loan Agreement and the 2247 Lawrence Note as modified, restated and extended by the 2247 Lawrence Loan Modification Agreements by (i) failing to maintain the required Debt Service Coverage Ratio as defined in the 2247 Lawrence Loan Agreement (See Exhibit F, Section 8.13(d) and Article XI (t)); (ii) a material adverse change in 2247 Lawrence Borrower's and CA Residential's financial condition (See Exhibit F, Article XI (l) of the 2247 Lawrence Loan Agreement); and (iii) failure to pay real estate taxes (See Exhibit F, Section 8.6 and Article XI (a) of the 2247 Lawrence Loan Agreement and Exhibit G, page 3 of the 2247 Lawrence Note).

32.     Because 2247 Lawrence Borrower is in default under the 2247 Lawrence Note as modified, restated and extended by the 2247 Lawrence Loan Modifications, CA Residential is in default under the 2247 Lawrence Restated Guaranty (See Exhibit J, p. 1).

33.     Northbrook Bank has performed all of its duties, obligations and conditions precedent required under the 2247 Lawrence Loan Documents, which have never been assigned, transferred or hypothecated to, or otherwise lawfully seized by, any person or entity.

34.     CA Residential is also obligated pursuant to the express terms of the 2247 Lawrence Restated Guaranty to pay reasonable attorneys' fees, costs and expenses incurred by Northbrook Bank in enforcing the 2247 Lawrence Loan Documents and the 2247 Lawrence Restated Guaranty and collecting amounts due thereunder. (See Exhibit J, p. 1).

35.     As of April 19, 2024, the outstanding balance due to Northbrook Bank pursuant to the 2247 Lawrence Restated Guaranty (exclusive of attorneys' fees, costs and expenses) is $6,314,854.74 with default interest continuing to accrue on a daily basis.

WHEREFORE, Plaintiff Northbrook Bank & Trust Company, N.A. respectfully requests that this Court enter judgment in its favor and against Defendant CA Residential, LLC in the amount of $6,314,854.74 plus additional interest and costs incurred by Northbrook Bank through the date of judgment, plus its reasonable attorneys' fees and costs and for such further relief that this Court deems just and proper.

NORTHBROOK BANK & TRUST COMPANY, N.A.

By _____
        One of Its attorneys

        Justin M. Newman
        Ann Addis Pantoga (ARDC #6243624)
        Thompson Coburn LLP
        55 E. Monroe Street, 37th Fl.
        Chicago, Illinois 60603
        312-346-7500
        jmnewman@thompsoncoburn.com
        apantoga@thompsoncoburn.com

8

## CERTIFIED VERIFICATION

STATE OF ILLINOIS )
                      ) ss.
COUNTY OF COOK )

Alexander Durek, being first sworn upon oath upon oath, deposes and states that he is an authorized signatory of Northbrook Bank & Trust Company, N.A., the Plaintiff in the above-captioned matter, and that as such, he is authorized to make this Certified Verification. He deposes and states that he has read the foregoing Complaint, that he knows the contents thereof, and that the matters and things alleged therein are true and correct to the best of his knowledge, information and belief. He further deposes and states that Plaintiff seeks damages in excess of $75,000.00.

Alexander Durek, Authorized Signatory for
Northbrook Bank & Trust Company, N.A.

Subscribed and sworn before me this 26th day of April, 2024.

_____
Notary Public

My Commission Expires:

OFFICIAL SEAL
JOSEFINA B. ORTIZ
Notary Public, State of Illinois
My Commission Expires 10/23/2024